IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. GILBERT,<br><br>    Plaintiff,<br><br>v.<br><br>P. DELVILLAR, et al,<br><br>    Defendants. | No. C 08-1181 TEH (PR)<br><br>**ORDER OF DISMISSAL AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket Nos. 2, 4) |

    Plaintiff, a prisoner of the State of California currently incarcerated at Pelican Bay State Prison in Crescent City, California, filed a civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement at San Quentin State Prison. Plaintiff filed an application to proceed in forma pauperis (docket nos. 2, 4). Plaintiff's motion is now GRANTED in a separate order filed simultaneously (docket nos. 2, 4).

    In the complaint, Plaintiff states that he has not personally completed the process of exhausting his administrative appeals with regard to the instant complaint because "my celly filed and put me in the 602 appeal as I was a part of his and a victim as well and didn't think we both had to[]!" See Complaint at 1. Plaintiff has also attached the inmate appeals of his cell-mate Mark Milazo which reflect that it was not filed as a group appeal. Accordingly, the Court will dismiss the complaint without prejudice to Plaintiff filing a new complaint after he has completely exhausted the administrative remedies available to him.

**DISCUSSION**

    The Prison Litigation Reform Act provides that "[n]o action shall be brought with

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 85-86 (citing Booth, 532 U.S. at 734). The mandatory exhaustion of available administrative remedies is not limited to suits under § 1983, but to any suit challenging prison conditions. Id. at 85 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 93.

An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Although exhaustion is an affirmative defense, the Court may dismiss a complaint sua sponte for failure to exhaust if it is clear from the face of the complaint and attached exhibits that Plaintiff has not satisfied the exhaustion requirement. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003); cf. Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (although running of statute of limitations is affirmative defense, it may be grounds for sua sponte dismissal where defense is complete and obvious from face of the pleadings).

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford, 548 U.S. at 84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted).

Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." Jones v. Bock, 127 S. Ct. 910, 922-23 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Id. at 923.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Id. at 1237-38.

With regard to appeals, the regulations provide "an inmate or parolee shall not

3

submit an appeal on behalf of another inmate or parolee, except as provided in subsection (f)." Cal. Code Regs. tit. 15, § 3084.2(d). Subsection (f) provides:

> If a group of inmates intends to appeal a decision, action or policy affecting all members of the group, one appeal form with the name and departmental identification number of the inmate who prepared the appeal shall be submitted.
> (1) A legible list of the participating inmates' names, signatures, departmental identification numbers, and housing shall be attached to the appeal."

Cal. Code Regs. tit. 15, § 3084.2(f).

Here, Plaintiff alleges in the complaint that he did not exhaust his claims through all levels of the state prison administrative grievance system because his cell-mate did so and he did not think it was necessary. See Complaint at 1 (docket no. 1). However, because the appeal submitted by his cell-mate did not comply with the administrative regulations governing inmate appeals because it did not list Plaintiff as part of a group appeal, the complaint has not been properly exhausted. See Jones, 127 S. Ct. at 923. Therefore, the complaint is DISMISSED without prejudice. See McKinney, 311 F.3d at 1199. Plaintiff may file a new complaint, alleging the same subject matter of the substantive complaint, if and when he properly exhausts the administrative remedies available to him. The Clerk shall close the file and enter judgment in accordance with this order.

SO ORDERED.

DATED: 10/8/08

THELTON E. HENDERSON
United States District Judge

4